IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL ALFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:17-cv-00113 |
| | § | |
| METRO MINI STORAGE INC., and | § | |
| LORRAINE DRAKE, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S SWORN ORIGINAL COMPLAINT**

Plaintiff Michael Alford ("Plaintiff" or "Mr. Alford") files this Sworn Original Complaint against Metro Mini Storage Inc. ("MMS") and Lorraine Drake (collectively "Defendants").

**SUMMARY**

1. Despite working more than forty hours in a given workweek, Mr. Alford was not always paid overtime pay by Defendants in accordance with the Fair Labor Standards Act ("FLSA").

2. Mr. Alford was terminated in violation of the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

**THE PARTIES, COVERAGE, AND JURISDICTION**

3. Plaintiff Michael Alford is a natural person residing in the confines of the Southern District of Texas, Houston, Division, within the State of Texas. Mr. Alford has standing to file this lawsuit, in that he was an employee of MMS, and was engaged in commerce or in the production of goods for commerce under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. §§ 206-07.

4. Defendant MMS is a domestic corporation that operates its business for profit in the United States of America, and has its corporate headquarters in Texas.

5. MMS may be served with this complaint through its registered agent, Richard L. Rose at 9 Greenway Plaza, Suite 1100, Houston, Texas 77046.

6. MMS engaged in commerce or the production of goods for commerce at all material times, including in the last three years. MMS continues at this time to engage in commerce or the production of goods for commerce.

7. MMS had annual revenues in excess of $500,000 at all material times and in the last three years.

8. MMS has, at all material times, acted, directly or indirectly, in the interest of an employer with respect to Mr. Alford.

9. MMS has, at all material times, been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. MMS has, at all materials times, been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. MMS has, at all material times, been an enterprise engaged in commerce or in the production of goods for commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s), in that MMS has engaged in commerce or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and MMS has had and continues to have annual gross volume of sales made or business done in excess of $500,000, exclusive of excise taxes at the retail level which are separately stated.

12. Even if MMS was not covered by the FLSA's overtime provisions, it would not deprive the Court of jurisdiction over the retaliation claim in this case because the lack of

individual or enterprise coverage for an overtime claim does not defeat a retaliatory discharge claim under 29 U.S.C. 215(a)(3).  The Fifth Circuit has held, "[u]nlike the wage and hour provisions of Sections 6 and 7 of the [FLSA], which apply only to an 'employee ... engaged in commerce or in the production of goods for commerce,' the protections of [the retaliatory provision] apply, without qualification, to 'any employee.'  The prohibitions of [the retaliatory provision] are similarly unlimited, for they are directed to 'any person.'  Thus the clear and unambiguous language of the statute refutes the ... view that either the employee or his employer must be engaged in activities covered by the Act's wage and hour provisions in order for the strictures against discriminatory discharge to be invoked." *Wirtz v. Ross Packaging Comp.*, 367 F.2d 549, 550-51 (5th Cir. 1966).

13. Defendant Lorraine Drake may be served with this complaint at MMS's headquarters, 8415 Queenston Blvd., Houston, Texas 77095.  Under the FLSA, an "employer" includes individuals with "managerial responsibilities" and "substantial control of the terms and conditions of the work of [the] employees." *Falk v. Brennan*, 414 U.S. 190, 195 (1973); *Reich v. Circle C. Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993).  As an owner and executive at MMS, and a person who personally fired Mr. Alford, Mrs. Drake satisfies this definition of "employer."  Alternatively, in any event, as set forth above, the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3), applies to "any person," and so Mrs. Drake, as a "person," is subject to liability under that section even if she does not qualify as an FLSA "employer.  *See Wirtz*, 367 F.2d at 550-51.

14. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.  During all times relevant to this lawsuit MMS has continuously done business in the State of Texas, and it continues to do business in the State of Texas.

15. The Court has subject matter jurisdiction over this case based on federal question jurisdiction because Plaintiff bases his claims in this case on federal law, specifically the FLSA.

## FACTUAL BACKGROUND

16. Mr. Alford began working for Metro Mini Storage in 2012 as an assistant manager. He started out at a pay rate of $13 an hour. At the time of his termination, he was making $17.60 an hour plus commission pay. *See* Exhibit 2; Final Paycheck and 2015 W-2.

17. On July 8, 2015, Metro Mini Storage sent out a "first/last and final warning" regarding, among other things, a policy expressing a prohibition against employees divulging their salary or bonus information, despite this being against federal law. *See* Exhibit 3. Mr. Alford pointed out that this was illegal and declined to sign.

18. On August 1, 2016, at 7:04 pm, Mr. Alford submitted a communication to Metro Mini Storage complaining of not receiving overtime pay despite "a law that states all non exempt employees are entitled to overtime pay." *See* Exhibit 4. At 7:10 pm, Mrs. Lorraine Drake called Mr. Alford on his cell phone. At 7:34 pm, Mr. Alford returned Mrs. Drake's earlier missed call.

19. During this conversation, Mrs. Drake told Mr. Alford that she saw his complaint and that she was aware that he felt that Metro Mini Storage was "cheating" him out of overtime pay. She asked "where did that come from?" and stated "you've got to understand how that's coming across." She then asked Mr. Alford if he was available to "come to corporate tomorrow" [August 2nd] for a meeting. August 2nd was Mr. Alford's scheduled day off. He informed her that he was watching his four-month old son, and would have to arrange for a babysitter. Mrs. Drake then inquired about his availability on Wednesday [August 3rd], to which Mr. Alford responded that he was available. A meeting for 9:00 am was quickly arranged. Mr. Alford was terminated during this meeting.

20. While working for MMS, Mr. Alford was only paid for hours worked between 9:00 am and 6:00 pm. However, Mr. Alford routinely worked before 9:00 am and occasionally worked after 6:00 pm. *See* Exhibit 4. Despite working more than forty hours in a given

workweek, Mr. Alford was not always paid overtime pay in accordance with the Fair Labor Standards Act ("FLSA").

21.     Mr. Alford was terminated in violation of the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3), and Mr. Alford brings this suit to obtain redress for that violation from Defendants.

## FLSA CLAIM FOR RETALIATION

A.     **Legal Standards**

22.     Plaintiff incorporates the preceding paragraphs of this Complaint as set forth verbatim.

23.     All conditions precedent, if any, to this suit, have been fulfilled.

24.     The FLSA prohibits all forms of retaliation, providing that it is unlawful to "discharge or in any other manner discriminate against any employee" for invoking his rights under the law.  29 U.S.C. § 215(a)(3).  Consistent with the aim of the FLSA, courts have broadly interpreted Section 215(a)(3) to protect activities beyond those expressly enumerated.  The United States Supreme Court has held that an informal complaint – even an oral complaint – about not receiving overtime pay is protected activity.  *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1329 (2011) ("We must decide whether the statutory term 'filed any complaint' includes oral as well as written complaints within its scope.  We conclude that it does.").  *See also Laird v. Chamber of Commerce*, 4 WH Cases2d 1629 (E.D. La. 1998) (holding that an employee who made an informal complaint to her employer was protected, even though she was discharged before she could file her complaint).  Even spouses of employees have received protection against retaliation.  *Brock v. Georgia Southwestern College*, 765 F.2d 1026 (11th Cir. 1985).

25. The employee is not required to be engaged in activities covered by the FLSA's minimum wage and overtime provisions. *Wirtz v. Ross Packaging Co.*, 367 F.2d 549, 550 (6th Cir. 1943). Even if an employer's pay practices do not violate the FLSA, the employer can be held liable for retaliation against an employee who merely believes the employer's practices violate the FLSA and complains. *Darveau v. Detecon, Inc.*, 515 F.3d 334, 338 (4th Cir. 2008) (employee's complaint regarding not being paid overtime was protected from retaliation by 29 U.S.C. §215(a)(3) even though ultimately the courts rejected it); *Sapperstein v. Hager*, 188 F.3d 852, 857 (7th Cir. 1999) ("[Plaintiff] was therefore protected from retaliation whether or not the conduct he reported was a violation of those laws.").[1]

26. Where a motivating factor in the termination is an employee's assertion of rights under the FLSA, the termination is discriminatory whether or not other grounds for termination exist. To make a *prima facie* case of retaliatory discharge, a plaintiff must make a showing of (1) participation in a protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action. *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008).

---

[1] Although Mr. Alford's complaint about overtime was objectively and subjectively reasonable and in good faith, there is a compelling argument that it was protected from retaliation by 29 U.S.C. § 215(a)(3) even if it were not. *See Randolph v. ADT Sec. Servs., Inc.*, No. 09–cv–1790, 2011 WL 3476898, at *4-6 (D. Md. Aug. 8, 2011) (holding that plaintiffs' complaints over overtime were entitled to absolute protection, even if they were unreasonably made, based on plain language of 29 U.S.C. § 215(a)(3) and an analogy to Title VII's anti-retaliation clause covering participation, which provides absolute protection from retaliation for EEOC filings, even if the filings are made unreasonably or in bad faith); *see also Pettway v. American Cast Iron Pipe Co.*, 411 F.2d 998, 1005-07 (5th Cir. 1969) (holding that EEOC complaints are protected from retaliation under Title VII's participation clause even if they are unreasonable and made in bad faith); *Booth v. Pasco County, Fla.*, 829 F. Supp. 2d 1180, 1201 (M.D. Fla. 2011) (following *Pettway*, and holding that "[f]or the above reasons, this Court declines to read a good faith and reasonableness requirement into the participation clause.").

27. Close temporal proximity between a complaint and termination can be used to prove the aforementioned causal link. *See, e.g., Cantu v. Vitol, Inc.*, Civil Action No. H-09-0576, 2011 WL 486289, at *10 (S.D. Tex. Feb. 7, 2011) (Rosenthal, J.) (noting that "the Fifth Circuit has found temporal proximity of up to four months sufficient to show a causal link.") (citing *Stroud v. BMC Software, Inc.*, No. 07–20779, 2008 WL 2325639 (5th Cir. June 6, 2008) (finding that a three-week lapse between protected activity and adverse employment action was sufficient to show a causal link); *Richard v. Cingular Wireless LLC*, 233 Fed. Appx. 334, 338 (5th Cir. Apr. 13, 2007) (concluding that two-and-one-half months is short enough to support an inference of a causal link); *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 995 (5th Cir. 2005) (finding that a period of less than sixty days was sufficiently close to establish a causal link for a *prima facie* case of retaliation); *Ware v. CLECO Power LLC*, 90 Fed. Appx. 705, 708 (5th Cir. Jan. 21, 2004) (unpublished) (finding a fifteen-day period sufficient to support an inference of causation); *Evans v. City of Houston*, 246 F.3d 344, 355 (5th Cir. 2001) (observing that "a time lapse of up to four months has been found sufficient to satisfy the causal connection for summary judgment purposes" (internal citations omitted)).

28. The FLSA allows an employee to recover reasonable attorney's fees from an employer. 29 U.S.C. § 216(b) (a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant…").

29. There is also personal liability under the FLSA, which defines "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee…" 29 U.S.C. § 203(d). An FLSA "employer" includes individuals with "managerial responsibilities" and "substantial control of the terms and conditions of the work of [the] employees. *Falk v. Brennan*, 414 U.S. 190, 195 (1973); *Reich v. Circle C. Invs., Inc.*, 998 F.2d

324, 329 (5th Cir. 1993). This means that corporate officials and supervisors may also be sued individually and held liable, in addition to the employer entity.

30. Under the FLSA, employers are generally required to pay employees time and one-half times their regular rate for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1). Mr. Alford reasonably believed he qualified to receive overtime under the FLSA, and he let Defendants know that. *See Exhibit* 4.

31. When an employee, such as Mr. Alford, makes complaints about alleged violations of the FLSA, that employee is protected from employer retaliation by law. Specifically, the FLSA's anti-retaliation provision provides that it is unlawful "for any person" to "discharge or in any other manner discriminate against any employee" for engaging in protected activity. 29 U.S.C. § 215(a)(3).

**B.    FLSA Retaliation By Defendants**

32. As set forth above, on August 1, 2014, Mr. Alford made a protected complaint related to the FLSA in which he sought compensation for unpaid overtime that he reasonably and in good faith believed he was entitled to under the FLSA. *See* Exhibit 4. As such, his complaint constituted protected activity under 29 U.S.C. § 215(a)(3), meaning that Defendants were legally prohibited from retaliating against him for the complaint.

33. On August 1, Defendants set up a meeting on August 3 to address Mr. Alford's protected complaint. During that meeting, on August 3, Mr. Alford was terminated.

34. Mrs. Drake's statements to Mr. Alford constitute direct evidence that Defendants violated the anti-retaliation provision of the FLSA. *See supra*. Even aside from the direct evidence, the close temporal proximity between Mr. Alford's complaint and his termination demonstrates that any articulated different reason for the termination is a mere pretext for retaliation. *See supra*.

**C.     Damages**

35.     Under the FLSA, "[a]ny employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

36.     Mr. Alford is entitled to reinstatement, back-pay, and liquidated damages. *See* 29 U.S.C. § 216(b); *Little v. Technical Specialty Products LLC*, NO. 4:11-CV-717, 2013 WL 5755363, at *5 (E.D. Tex. Oct 23, 2013) (awarding liquidated damages to the plaintiff in an FLSA retaliation case). Doubling an award (liquidated damages) is the norm under the FLSA and the court's discretion "must be exercised consistently with the strong presumption under the statute in favor of doubling." *Nero v. Indust. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999) (quoting *Shea v. Galaxie Lumber & Constr. Co., Ltd.*, 152 F.3d 729, 733 (7th Cir. 1998)). Compensatory damages and reinstatement or front-pay are also permitted for a retaliation claim under the FLSA. *See, e.g., Little v. Technical Specialty Products, LLC*, 940 F. Supp. 2d 460, 479 (E.D. Tex. 2013) (finding that the FLSA's anti-retaliation provision allows for an award of compensatory damages for emotional distress and also permits an award of reinstatement or front-pay where it is appropriate).

37.     Finally, the FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *See* 29 U.S.C. § 216(b); *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 n. 25 (5th Cir. 2006) (affirming attorney's fees award in FLSA case of over $100,000.00). Mr. Alford seeks such reasonable fees and costs.

**FLSA CLAIM FOR OVERTIME PAY**

38. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. § 201, *et. seq*.

39. The FLSA generally requires employers to pay employees one-and-one-half times their regular rate of pay for all hours worked over 40 in a workweek. 29 U.S.C. § 207(a)(1). Mr. Alford worked more than 40 hours in workweeks in which he was not paid overtime compensation. The exemptions to this requirement are narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001). Mr. Alford is a non-exempt employee. Finally, it is the employer's obligation to keep accurate records of the hours worked by its employees and this statutory duty cannot be transferred from employer to employee. *Castillo v. Givens*, 704 F.2d 181, 194 (5th Cir. 1983).

40. Under the FLSA, an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The purpose of liquidated damages is to "compensate an employee for delay in payment." *Reich v. Helicopter Servs., Inc.*, 8 F.3d 1018, 1031 (5th Cir. 1993) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 715–16 (1945)). A court generally must award the full amount of actual damages as liquidated damages. *Singer*, 324 F.3d at 822–23.

41. The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *See* 29 U.S.C. § 216(b) (an employer "shall be held liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages").

## JURY DEMAND

42. Plaintiff demands a jury trial.

## DAMAGES AND PRAYER

Plaintiff asks that he be awarded a judgment against Metro Mini Storage, Inc. and Mrs. Drake for the following:

    a.    Actual damages in the amount of lost back-pay and other economic losses;

    b.    Liquidated damages;

    c.    Compensatory damages for mental anguish and emotional distress;

    d.    Reinstatement or front-pay;

    e.    Prejudgment and post-judgment interest;

    f.    Court costs;

    g.    Reasonable attorney's fees; and

    h.    All other relief to which Plaintiff is justly entitled.

Respectfully submitted,

/s/ Ahad Khan
Ahad Khan
Texas Bar No. 24092624
S.D. Texas ID No. 2981398
712 Main Street, Suite 900
Houston, TX 77002
(713) 401-3558 – Telephone
ak@ahadkhanlaw.com – Email

ATTORNEY FOR PLAINTIFF
MICHAEL ALFORD